UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL THEDFORD,

    Plaintiff,

    v.    CAUSE NO. 3:23-CV-1002-PPS-JEM

CHRISTIE, *et al.*,

    Defendants.

OPINION AND ORDER

    Michael Thedford, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) As required by 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Thedford is proceeding without counsel, and therefore I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    Mr. Thedford is being detained at the St. Joseph County Jail. He claims that in September 2023 he began to have pain in his left side and put in a medical request. He

was examined by Dr. John Foster, who prescribed a medication, Flomax,[1] and sent him for an ultrasound, which revealed that his kidney was "swollen." The complaint is not a model of clarity on this point, but it appears that Dr. Foster, Nurse Christie (last name unknown), and Physician's Assistant ("PA") K. Smith all told him that he would be referred to a kidney specialist for further treatment. He claims there was a delay in processing the referral and that he was not given medication to address his pain in the interim. He also claims that during one visit Nurse Christie did not accurately document that he was experiencing shortness of breath or send him to see the doctor. Based on these events, he sues Dr. Foster, Nurse Christie, and PA Smith for compensatory and punitive damages.

Although Mr. Thedford is being held at a jail, he makes clear that these events occurred after he was convicted and serving a criminal sentence. (ECF 8 at 5.) Therefore, his rights arise under the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified

---

[1] According to the Physician's Desk Reference, Flomax is used to treat kidney stones. *See* https://www.pdr.net/drug-summary/?drugLabelId=2893#dosage-and-indications (last visited Jan. 18, 2024).

access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267 (citation omitted). Courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). However, ignoring an inmate's complaints of pain or delaying necessary treatment can amount to deliberate indifference, particularly where the delay "exacerbates the plaintiff's condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Mr. Thedford the inferences to which he is entitled at this stage, he has alleged that he has a serious medical need and that defendants have been deliberately indifferent to that need. Although it is evident he has received some evaluation and treatment of his problem, he claims Dr. Foster and PA Smith delayed in processing his referral to a kidney doctor and failed to prescribe him any pain medication in the interim. At this point it is unclear exactly who caused the delay, but Mr. Thedford cannot be expected to know that information at this stage. As for Nurse Christie, there is no indication from his allegations she had the ability to prescribe medication or to refer him to a specialist, but his complaint can be read to allege that she failed to take action to have him assessed by a doctor after he reported having shortness of breath,

which he attributed to the kidney problem. He will be permitted to proceed further against these defendants on a claim for damages.[2]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on a claim for damages against Dr. John Foster, Nurse Christie (last name unknown), and Physician's Assistant K. Smith for denying him needed medical care for a kidney problem in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. John Foster, Nurse Christie (last name unknown), and Physician's Assistant K. Smith at Quality Care and to send them a copy of this order and the amended complaint (ECF 8) pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS Quality Care to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(5) ORDERS Dr. John Foster, Nurse Christie (last name unknown), and Physician's Assistant K. Smith to respond, as provided in the Federal Rules of Civil

---

[2] I note that when asked to specify what relief he is seeking, he mentions only money damages. (ECF 8 at 4-5.) He does not expressly seek injunctive relief related to his medical care, nor is it entirely clear whether this remains an ongoing problem. If I have misunderstood him, he is free to file an amended complaint outlining a claim for injunctive relief.

4

Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 19, 2024.

                                               /s/   Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT